# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 98-40785
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LUIS ROBERTO CARDENAS-FLORES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(L-98-CR-3-1)

April 28, 1999

Before WISDOM, DUHÉ, and DeMoss, Circuit Judges.

PER CURIAM:[*]

Luis Roberto Cardenas-Flores  (Cardenas) entered a conditional guilty plea to aiding and abetting the possession with intent to distribute more than 625 pounds of marijuana.[2]  The conditional aspect of the plea permitted Cardenas to appeal the district court's denial of his motion to suppress evidence and motion to suppress the statement.  Cardenas now brings just such an appeal before this Court.

On December 10, 1997, Customs Agent Sergio Trevino received a tip from a confidential informant that a red and white pick-up truck would be involved in narcotics trafficking that day,  near

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]  In violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1), and 18 U.S.C. § 2.  The plea was conditional in the sense that it permitted an appeal of the district court's ruling as to probable cause.

the intersection of Gonzalez and Camp streets, in Laredo, Texas. This intersection was a known area of narcotics trafficking, due at least in part to its close proximity to the Rio Grande. Agent Trevino arranged for the general area of the intersection to be put under surveillance.

During the course of this surveillance, agents observed a red and white pickup truck parked in this area. Though they never observed contraband being loaded into the truck, the agents observed several men around the truck, one of whom entered and exited the truck while the others looked up and down the surrounding streets. When Cardenas drove the truck away, Agent Trevino followed.

After driving several blocks, Cardenas pulled the truck over to the curb and exited the vehicle. After doing so, Cardenas left the driver's side door of the truck open, and opened the hood. Agent Trevino then approached Cardenas from the driver's side of the vehicle, observing through the open door several large plastic bags, compressed into bundles and caked in mud. Several agents then arrested Cardenas, and Trevino seized the vehicle, driving it to the Customs Service office. After being Mirandized, Cardenas stated that he was to drive the vehicle to a specific location and leave it there, receiving $1000 for his efforts.

Cardenas now asserts that he was arrested without probable cause, and that all evidence and statements resulting from that arrest should have been suppressed. We review a district court's determination of probable cause de novo.[3] In doing so, this Court views the evidence in the light most favorable to the prevailing party, accepting the district court's findings of fact unless clearly erroneous.[4]

Cardenas contends that the government failed to introduce evidence that the informant's previous tips had led to arrests or convictions, and also failed to show any basis for the informant's knowledge. Cardenas further contends that the evidence the government presented of drug trafficking is equally consistent with ordinary behavior: people moving cars, looking up and down the street, and having filled garbage bags in the cab of a pick-up truck.

For probable cause to exist, the officer must have an objectively reasonable belief that a crime

---

[3] United States v. Chappell, 6 F.3d 1095, 1100 (5th Cir. 1993).

[4] Id.

is being committed, or has just been committed.  This objective standard is met when the totality of the facts and circumstances would lead a reasonable person to conclude that the suspect had committed or was committing an offense.[5]

In this case, the agent acted on a tip from an informant, and initiated surveillance.  After observing suspicious activity in an area known for drug trafficking, the agent followed the suspect. We note that the agent neither pulled Cardenas over nor searched the car.  Rather, the agent observed in plain view evidence which, based on his experience, he concluded was marijuana.  Based on the totality of the circumstances, the district court did not err in finding probable cause.  The arrest was proper, and all evidence obtained as a result thereof was properly held admissible.

AFFIRMED.

---

[5] United States v. Ho, 94 F.3d 932, 935 (5th Cir. 1996).